■ LOUIS C. OSTRER, Appellant, v READER'S DIGEST ASSOCIATION, INC., et al., Respondents.—In a libel action, plaintiff appeals (1) from an order of the Supreme Court, Nassau County, dated November 19, 1974, which granted defendants' motion to dismiss the complaint for failure to state a cause of action and (2) as limited by his brief, from so much of an order of the same court, dated January 31, 1975, as, upon reargument, adhered to

the original determination. Appeal from the order dated November 19, 1974 dismissed as academic, without costs. That order was superseded by the order made on reargument. Order dated January 31, 1975 reversed insofar as appealed from, without costs, motion denied, and defendants' time to answer is extended until 20 days after entry of the order to be made hereon. In an action for slander or libel a plaintiff must set forth in his complaint the particular words he claims are libelous (CPLR 3016, subd [a]). In the present case, paragraph 16 of the complaint, which contains an excerpt of the alleged libelous article, meets this requirement. Moreover, we disagree with Special Term's finding that the truth of the allegations contained in that paragraph was admitted in a subsequent paragraph of the complaint. In order to constitute a complete defense, the "plea of truth as justification must be as broad as the alleged libel and must establish the truth of the precise charge therein made" *(Crane v New York World Tel. Corp.,* 308 NY 470, 475). Here, the scope of the admissions made by plaintiff in paragraph 19 of the complaint is not as broad as the characterization complained of in the 16th paragraph. Gulotta, P.J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.