■ DAVID J. COGAN MANAGEMENT Co. et al., Appellants, v HOWARD LIPSET, Respondent, et al., Defendants. HOWARD LIPSET, Third-Party Plaintiff-Respondent, v DAVID J. COGAN, Third-Party Defendant-Appellant. — Order of the Supreme Court, New York County, entered December 24, 1979, unanimously modified, on the law, to the extent of striking paragraphs 34, 40 and 41 of the amended answer, without prejudice to an application at Special Term to replead, reinstating the third counterclaim as against the third-party defendant, striking the severance of the second counterclaim against said third-party defendant, and, as thus modified, affirmed, without costs. In this action, *inter alia*, to enforce a noncompetition covenant in an employment contract and to recover damages for misappropriation of trade secrets, defendant-respondent alleges separate defamations as counterclaims against plaintiffs and as causes of action against the third-party defendant. The second counterclaim satisfies the requirements of CPLR 3016 (subd [a]) in that a copy of the allegedly libelous letter is attached to the amended answer and expressly incorporated in the second counterclaim. The third counterclaim also satisfies the requirements of that section in alleging the specific slanderous statements made by the third-party defendant in a telephone conversation. However, paragraphs 34, 40 and 41, which allege additional defamations, do not meet the requirements of CPLR 3014 that separate causes of action be separately stated and numbered, and fail to set forth the particular words complained of as required by CPLR 3016 (subd [a]). Whether the third-party defendant was not in an individual or corporate or partnership capacity is not made clear in the amended answer. On a motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) the pleading must be liberally construed. Applying this standard, defendant-respondent has sufficiently alleged causes of action for libel and slander both as counterclaims against plaintiffs and as separate causes of action against the third-party defendant. The claims asserted in the complaint and these counterclaims all arise out of related disputes between an employee and his employer. The counterclaims against the third-party defendant are identical with those asserted against plaintiff. All these disputes should be resolved together. If we were technically to sever these counterclaims, we would probably then have to direct either consolidation or joint trials. In the

circumstances, it is simpler to leave them all in the same action. Concur — Birns, J. P., Sandler, Sullivan, Markewich and Silverman, JJ.