■ PETER S. PAPPALARDO, Respondent, v WESTCHESTER ROCKLAND NEWSPAPERS, INC., et al., Appellants. — In a libel action, defendants appeal from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated December 8, 1982, as denied their motion to dismiss the complaint. ¶ Order affirmed, insofar as appealed from, with costs. ¶ In his complaint, Dr. Pappalardo alleged that an 11,700-word article entitled "Bad Machine, Is There a Remedy", which appeared in the *Journal-News of Rockland County,* defamed his professional competence. Although the complaint otherwise is rather sparse, it does contain the article as an exhibit. Defendants' motion to dismiss was grounded on the claim that the complaint did not allege "the specific words complained of" (see CPLR 3016, subd [a]) and that special damages were not pleaded. The appeal is from Special Term's denial of the motion. ¶ The reason for the requirement of specific pleading in defamation cases is to give adequate notice to the defendant as to the occurrence constituting the wrong and to discourage the institution of vexatious actions (see *Foley v D'Agostino,* 21 AD2d 60; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3016.01). This requirement may be satisfied by inclusion of the purported libelous words directly in the complaint or by incorporation (*Seltzer v Fields,* 20 AD2d 60, affd 14 NY2d 624; *Liffman v Booke,* 59 AD2d 687). Since writings annexed to the complaint are deemed part of the pleading (CPLR 3024), in many cases the annexation of the article referred to as libelous has satisfied the specificity mandate (see, e.g., *Hogan v Herald Co.,* 84 AD2d 470; *Cogan Mgt. Co. v Lipset,* 79 AD2d 918; *Ostrer v Reader's Digest Assn.,* 48 AD2d 856; *Cabin v Community Newspapers,* 50 Misc 2d 574, affd 27 AD2d 543). In paragraph 389 of volume 1 of The Law of Libel and Slander in the State of New York, Seelman notes that it is proper to set forth in the complaint the entire article containing the libel, and although specific portions should be alleged where a lengthy article is involved, if the entire article gives the impression of libel it is unnecessary to designate the specific part. In such a case, omission of greater detail is usually curable by a bill of particulars (see, also, Siegel, NY Prac, § 216). However, if perusal of a lengthy article does not reveal the libelous material, the plaintiff must plead the particular passages (*Edison v Viva Int.,* 70 AD2d 379). ¶ In the instant case, the article is quite lengthy but references to Dr. Pappalardo are widespread and consistent throughout the article and the article as a whole leaves the unmistakable impression that the author believes Dr. Pappalardo to be incompetent in his profession. In contrast to the *Edison* case, the alleged libelous material can be easily located and defendants are not prejudiced by annexation of the entire article. Moreover, the complaint specifically refers to the article's conclusion that certain patients of Dr. Pappalardo should be protected "from incompetent hands". Under the circumstances, we conclude that the complaint satisfies the specificity requirement of CPLR 3016 (subd [a]) and that Special Term's order denying defendants' motion to dismiss should be affirmed. ¶ We see no merit in defendants' other contentions. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.