■ WORLD WIDE ADJUSTMENT BUREAU et al., Respondents, v EDWARD S. GORDON COMPANY, INC., et al., Appellants. — Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on August 30, 1984, which, *inter alia,* denied defendants' motion to dismiss the first cause of action, is affirmed, with costs and disbursements.

Plaintiffs, commercial tenants, instituted the instant action in order to challenge certain escalation provisions in their leases relating to real estate taxes and labor costs. In that connection, the first cause of action alleges that the clauses in question establish a formula for determining rent escalations which is not contingent upon actual increases in real estate taxes and labor rates, thus resulting in the realization of profits by defendants and creating a situation contrary to that represented by defendants prior to execution of the lease agreements. According to plaintiffs, defendants advised them that the landlord would be compensated just for the amount of any escalation in real estate taxes and labor rate and would not reap any profit thereon, that this statement was untrue when made and was known to be false by the person or persons making such statement and that plaintiffs relied upon defendants' representations when entering into their individual leases. Plaintiffs further assert that defendants have demanded additional rent from each of the tenants on account of increases in real estate taxes and the labor rate and, by reason of the foregoing, are making a windfall profit in excess of 100% of the actual increase in real estate taxes and the labor rate. In denying defendant's motion to

dismiss pursuant to CPLR 3211, Special Term held that the first cause of action "contains the essential factual allegations of falsity, scienter, deception, reliance and injury".

Involved herein is simply a motion to dismiss for failure to state a cause of action, not a motion for summary judgment under CPLR 3212. On a motion to dismiss, the inquiry is limited to whether the complaint, when considered as a whole, "states in some recognizable form any cause of action known to our law." (*Dulberg v Mock,* 1 NY2d 54, 56.) In that regard, allegations are to be most liberally construed in favor of the pleader. (*Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979; *Cogan Mgt. Co. v Lipset,* 79 AD2d 918.) Applying such a standard to the complaint before us, Special Term properly found that all the elements of a claim for fraud were sufficiently set forth by plaintiffs for them to withstand a motion to dismiss. Concur — Sandler, J. P., Milonas and Rosenberger, JJ.

Ross and Asch, JJ., dissent in a memorandum by Asch, J., as follows: Plaintiffs are commercial tenants at premises owned by defendant 3832 Associates and managed by the remaining defendants at various times. Plaintiffs' first cause of action alleges that provisions in their leases contain a formula for creating rent escalations not keyed to the actual increases in real estate taxes and labor rates. These clauses permit defendants to obtain a profit over their actual cost increases. Plaintiffs assert that each of them, prior to executing the lease containing this clause, was informed by defendant's agent that the landlord would be compensated only for the amount of any increases in taxes and the labor costs and would not make any profit on these items of expense. Defendants' motion to dismiss this first cause of action was denied by Special Term. It held that the complaint sufficiently alleged the essential elements of fraud. I disagree and would reverse.

There is no requirement in the leases that real estate tax or labor rate escalation be keyed to actual increases. Moreover, statements by or on behalf of a landlord as to the future operation of such escalation clauses are, as a matter of law, only expressions of opinion and therefore cannot amount to fraud (*see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 220).