■ POLISH AMERICAN IMMIGRATION RELIEF COMMITTEE, INC., et al., Appellants, v RELAX et al., Respondents.—Judgment of the Supreme Court, New York County (Harold Tompkins, J.), rendered February 6, 1990, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3016 (a), unanimously reversed, on the law, without costs, and the complaint reinstated.

Plaintiffs are a not-for-profit New York corporation and its executive vice president. Individual defendants are the publisher and editor of the magazine, Relax. By summons and complaint dated September 8, 1989, plaintiffs alleged that defendants published an article which defamed plaintiffs in the February 4, 1989 edition of Relax. A copy of the article as printed in the magazine, entirely in Polish, was attached to the complaint. No English translation of the article was provided.

Defendants moved to dismiss the complaint for want of personal jurisdiction over the defendants pursuant to CPLR 3211 (a) (8) and for failure to comply with the specific pleading requirements set forth in CPLR 3016 (a). By order dated December 21, 1989, Supreme Court granted defendants' motion to dismiss, without reaching the jurisdictional issue, based on plaintiffs' alleged failure to identify the specific words complained of. We reverse.

CPLR 3016 (a) provides: "In an action for libel or slander, the particular words complained of shall be set forth in the complaint". Attaching the entire article to the complaint can satisfy the specificity requirement where "the alleged libelous material can be easily located and the defendants are not prejudiced by annexation of the entire article" *(Pappalardo v Westchester Rockland Newspapers,* 101 AD2d 830, *affd* 64 NY2d 862). The article in issue on this appeal, as in *Pappalardo (supra),* contains "widespread and consistent" references to plaintiffs which a jury could find to be defamatory. Accordingly, annexation of the entire article to the complaint was sufficient to meet the particularity requirement of CPLR 3016 (a).

Defendants also urge that, because plaintiffs failed to append an English translation of the article to the complaint as required by CPLR 2101 (b), its dismissal was warranted. However, a translation of the article from Polish to English is annexed to plaintiffs' affirmation in opposition to defendants' motion to dismiss. Including the translation in the opposing papers is not, as defendants characterize it, a "belated attempt" to amend the complaint. To the contrary, it may be regarded as an amendment as of right pursuant to CPLR 3025 (a) which provides, in pertinent part: "A party may amend his pleading once without leave of court * * * at any time before the period for responding to it expires". A motion to dismiss a cause of action pursuant to CPLR 3211 (a) operates to extend the time in which to serve a pleading in response thereto until 10 days after service of notice of entry of the order disposing of the motion. Thus, plaintiffs' amendment was both timely and sufficient to cure the defect in the complaint in compliance with CPLR 2101 (b). Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.