■ IGNACIOUS ANTICO et al., Respondents, v RICHMOND HOUSING ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, MITRAN ASSOCIATES, Appellant, et al., Defendant. DE-CON MECHANICAL CONTRACTORS, INC., Third-Party Defendant-Appellant; VENDITTI AND LIQUORI CONTRACTING CORPORATION, Fourth-Party Defendant-Appellant. [602 NYS2d 179] —In an action to recover damages for personal injuries, etc., the appeals are from an order of the Supreme Court, Richmond County (Cusick, J.), entered June 19, 1991, which denied the appellants' respective motions to dismiss the complaint insofar as it is asserted against each of them and third-party actions against them for failure to state a cause of action.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately.

While driving past the construction site of a residential project, the plaintiff Ignacious Antico, a New York City police officer, observed a man entering the rear of the complex. Antico went down the street and was approached by a watchman who informed him that he had just been bombarded by fireworks. Antico then pursued the suspect into the construction site, tripped over construction debris, and fell into a trench, sustaining injuries. The appellants, as owners and occupiers of the premises, moved to dismiss the complaint on the ground that any common-law cause of action was barred by the the rule in *Santangelo v State of New York* (71 NY2d 393). We find that the appellants' motions were properly denied. On a motion addressed to the sufficiency of the complaint, the inquiry is whether the complaint, considered as a whole and construing the allegations in favor of the plaintiff, states "in some recognizable form any cause of action known to our law" *(Dulberg v Mock,* 1 NY2d 54, 56; *World Wide Adj. Bur. v Gordon Co.,* 111 AD2d 98). The bill of particulars can be read in connection with the complaint on a motion to dismiss *(see, Nader v General Motors Corp.,* 25 NY2d 560, 565). Here, we find that the complaint, together with the allegations of specific statutory violations in the bill of particulars, states a cognizable cause of action under General Municipal

Law § 205-e (see, Santangelo v State of New York, 193 AD2d 25). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.