■ ROSALIE MANNO, as Executor of JAMES MANNO, Deceased, Appellant, v CARL MIONE et al., Defendants, and COWAN & CO., Respondent. [670 NYS2d 368] —In an action, *inter alia*, to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 3, 1997, as granted the motion of the defendant Cowen & Co., sued herein as Cowan & Co., to dismiss the second cause of action in the amended complaint insofar as asserted against it and the fifth cause of action in the amended complaint in its entirety, and (2) an interlocutory judgment of the same court, entered March 17, 1997, as dismissed the second cause of action in the amended complaint insofar as asserted against Cowen & Co., and dismissed the fifth cause of action in the amended complaint in its entirety.

Ordered that the order and the interlocutory judgment are affirmed insofar as appealed from, with costs.

On a motion to address the sufficiency of the complaint, the inquiry is "whether the complaint, considered as a whole and construing the allegations in favor of the plaintiff, states 'in some recognizable form any cause of action known to our law'" (*Antico v Richmond Hous. Assocs.*, 196 AD2d 853, quoting *Dulberg v Mock*, 1 NY2d 54, 56). In considering a motion to dismiss for failure to state a cause of action, the court should only be concerned with "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *see also, Leon v Martinez*, 84 NY2d 83, 88).

An employer is vicariously liable, under the theory of respondeat superior, for the torts of its employee, if the actions complained of were committed while the employee was acting within the scope of his employment, even if the acts are done irregularly, or in disregard of instruction (*see, Riviello v Waldron*, 47 NY2d 297, 302). Nevertheless, there is no respondeat superior liability for torts committed by an employee solely for personal motives unrelated to the furtherance of the employer's business (*see, Kirkman v Astoria Gen. Hosp.*, 204 AD2d 401, 402; *Horowitz v Sears, Roebuck & Co.*, 137 AD2d 492).

Here, the respondent is not vicariously liable for its employee's actions because, based on the facts asserted in the complaint, the employee acted for his own personal gain and not in furtherance of the respondent's business (*see, Kirkman v Astoria Gen. Hosp., supra*). Accordingly, the Supreme Court properly dismissed the second cause of action insofar as it related to the respondent (*see,* CPLR 3211 [a] [7]).

To the extent that the appellant claims that the respondent is liable based on the theory of negligent supervision, a necessary element of such a cause of action is that "the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese*, 229 AD2d 159, 161, *cert denied* 522 US 967). Our review of the complaint reveals that the appellant's fifth cause of action sounding in negligent supervision contains "little more than bare legal conclusions" or factual claims that are contradicted by evidence (*Corporate Natl. Realty v Philson Ltd.*, 232 AD2d 518, 519). Thus, the Supreme Court properly dismissed the fifth cause of action (*see,* CPLR 3211 [a] [7]). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.