■ Philippe Kindler et al., Appellants, v Newsweek, Inc., Respondent. [717 NYS2d 56] —Order, Supreme Court, New York County (Barry Cozier, J.), entered January 26, 2000, which granted, in part, defendant's motion pursuant to CPLR 3211 to dismiss the complaint, unanimously modified, on the law and the facts, to the extent of dismissing, *sua sponte*, the third cause of action for estoppel, with leave to plaintiffs to serve an amended complaint, and otherwise affirmed, without costs.

Plaintiffs allege that they entered into an agreement in April 1998 with defendant for plaintiff World Business Report (WBR) to produce and sell on defendant Newsweek's behalf special advertising sections respecting numerous countries for some $8.225 million. Defendant, in support of its motion to dismiss plaintiff's cause for breach of the alleged April 1998 agreement has produced a letter agreement between the parties dated July 14, 1998, entitling WBR to sell and produce a special

advertising section respecting Kazakhstan only, which agreement contains a merger clause providing that "this agreement supercedes any other agreement between you and Newsweek with respect to your representation of Newsweek for advertising sales." Such merger clause plainly precludes plaintiff's reliance on the alleged earlier and more expansive agreement, and, in any event, plaintiffs' submissions in opposition to defendant's dismissal motion afford no basis to believe that the alleged April 1998 agreement was ever finally entered into. Indeed, an examination of the letters and faxes submitted by plaintiffs reveals the lack of any agreement regarding special advertising section work in any place but Kazakhstan. Plaintiffs have also failed to state a valid claim for defendant's breach of an alleged obligation to negotiate remaining open issues and terms in good faith, since defendant was not bound to reach any agreement with plaintiffs.

Plaintiffs, however, may possess tenable claims for the recovery of unrecompensed expenses that they may have incurred in establishing and staffing WBR, as well as in connection with the SAS work performed by them in both Kazakhstan and Egypt. Accordingly, although plaintiffs inappropriately sought such relief on an estoppel theory, they should be afforded leave to plead unjust enrichment and/or quantum meruit.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.