■ JAY-MARTIN SYSTEMS, INC., Respondent, v OGILVY GROUP, INC., Appellant. [741 NYS2d 215] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 3, 2001, which, after a nonjury trial, awarded judgment for plaintiff for breach of contract, in the sum of $566,210.64, plus interest and costs, unanimously reversed, on the law and the facts, without costs, the complaint dismissed as related to the first three contracts referenced herein, and the matter remanded for further proceedings as to the calculation of damages for past services rendered and reassessment of lost profits on the remaining contracts.

This is an action for wrongful termination of seven contemporaneous contracts for delivery of computer services by plaintiff. Defendant purchaser counterclaimed (what would appear to us as an affirmative defense) that the terminations were warranted by plaintiff's breaches of telephonic security. The trial court found—and we agree on this aspect of the case—that this defense failed for lack of proof, and the sole issue for determination was the amount of plaintiff's damages. In our view, however, the court overlooked several fundamental flaws in those damage claims.

Three of these contracts (the Worldwide Messaging Coordinator-on-Site Agreement, the North American Notes Administrator Agreement and the Firewall Management-on-Site Agreement—referred to collectively as the "on-site" contracts) set forth hourly rates of compensation, but contained no reference to any fixed period of employment or minimum

number of hours for plaintiff's services. Thus, these agreements were terminable at will, without liability. Since these contracts were not ambiguous in this respect, the trial court erred in awarding any damages based on future loss of profits.

A fourth contract—the John Edwards On-Site Agreement—specifically called for the "full-time" services of plaintiff's named senior technician, but did not obligate defendant to utilize his services for more than a total of 24 hours. The record reveals that plaintiff breached this contract when Edwards deliberately defaulted in fulfilling his obligation to hold himself available for even that minimum period. Indeed, plaintiff sought to justify Edwards' failure to perform by falsely representing that he was ill, so that plaintiff could assign him elsewhere. The trial court's award of contractual damages relating to this agreement was also erroneous.

On the remaining three contracts—the Worldwide Helpdesk Proposal, the Express Helpdesk Support and the Red Carpet Rollout Support—the evidence did not support the award of damages in the sums of $198,802.13 for past services and $318,773 for lost profits. With respect to past services, the Edwards contract was breached when he evaded performance, but some services were rendered by an allegedly less competent successor. Those services should have been evaluated by the court on a quantum meruit or unjust enrichment basis (*see, Kindler v Newsweek, Inc.*, 277 AD2d 159). As to lost profits, plaintiff conceded that some $18,200 in employee benefit costs should have been deducted from the calculation. Furthermore, under the Helpdesk contracts, plaintiff was to receive a base fee plus a variable fee based on the number of servers monitored, but if the contract were terminated by defendant, plaintiff would be entitled only to the base amount for the period remaining; this casts in doubt some $23,590 in variable fees included in the calculation of damages, in the absence of any explanation by the trial court.

Accordingly, this case is remanded for de novo determination of the value of past services and for revision of the award of lost profits as specified herein. Concur—Williams, P.J., Tom, Saxe, Rosenberger and Wallach, JJ.