■ TRACY BUMPUS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [851 NYS2d 591]—In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated July 11,

2007, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed. All allegations contained in it must be accepted as true, and the plaintiff must be accorded "the benefit of every possible favorable inference" (*Leon v Martinez,* 84 NY2d 83, 87 [1994]). The appropriate inquiry is whether the complaint, so viewed, states " 'in some recognizable form any cause of action known to our law' " (*Antico v Richmond Hous. Assoc.,* 196 AD2d 853 [1993], quoting *Dulberg v Mock,* 1 NY2d 54, 56 [1956]; *see Manno v Mione,* 249 AD2d 372 [1998]).

A necessary element of a cause of action alleging negligent retention or negligent supervision is that the "employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997]; *see Peter T. v Children's Vil., Inc.,* 30 AD3d 582, 586 [2006]; *Well v Yeshiva Rambam,* 300 AD2d 580, 581 [2002]; *Manno v Mione,* 249 AD2d at 373). Here, the plaintiff adequately pleaded causes of action to recover damages for negligent retention and negligent supervision. In addition, the plaintiff adequately pleaded a cause of action alleging negligent training. Thus, the Supreme Court properly denied the appellant's motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action (*see* CPLR 3211 [a] [7]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.