■ KRISTEN MCREDMOND et al., Respondents, v SUTTON PLACE RESTAURANT AND BAR, INC., et al., Appellants. [851 NYS2d 478]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 4, 2007, insofar as it granted plaintiffs' motion

to dismiss defendants' first, fourth, fifth, sixth and seventh counterclaims, unanimously affirmed, without costs.

On a motion to dismiss for failure to state a cause of action, the pleading is to be afforded a liberal construction. "We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

As to the first counterclaim, a cause of action for intentional infliction of emotional distress must be supported by allegations of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment *d*). "Such extreme and outrageous conduct must be clearly alleged in order for the complaint to survive a motion to dismiss" (*Sheila C. v Povich*, 11 AD3d 120, 131 [2004]). Defendants failed to specify sufficiently the conduct alleged to be "outrageous." Furthermore, the conduct complained of—making statements to news media about this litigation—falls far short of the standard required to sustain such a claim.

With regard to counterclaims four through seven, CPLR 3016 (a) requires, in actions for libel or slander, that the particular words complained of be set forth in the complaint. A counterclaim for defamation satisfies this requirement where a copy of the allegedly libelous statement is attached to the answer and is expressly incorporated in the counterclaim (*see David J. Cogan Mgt. Co. v Lipset*, 79 AD2d 918 [1981]), as is the case here.

The allegedly defamatory statements appeared in various news articles and Web sites relating to this litigation. Since the statements complained about, with one exception noted below, essentially summarize or restate the allegations of the complaint herein, they are protected by Civil Rights Law § 74, which provides in pertinent part that "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." To be "fair and true," the account need only be "substantially accurate" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]).

The statement to the New York Post, in which plaintiff McRedmond allegedly said defendant Kassis would often make anti-Jewish remarks in the restaurant, is entirely unrelated to this litigation and cannot be found in the complaint. Therefore, it is not afforded the protections of Civil Rights Law § 74.

However, since defendants failed to allege special damages, and the statement in question does not constitute defamation per se, this sixth counterclaim cannot be sustained (see *Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]). Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ. [*See* 2007 NY Slip Op 31435(U).]