■ Uptown Healthcare Management Inc., Doing Business as East Tremont Medical Center et al., Appellants, v Allstate Insurance Company, Defendant, and Robert P. Macchia et al., Respondents. [986 NYS2d 435]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered October 24, 2012, which granted the motions of defendants Allstate Insurance Company, Robert P. Macchia, and Mehmet F. Gokce to dismiss the complaint, and denied plaintiffs'

cross motion for summary judgment, unanimously affirmed, with costs.

Where an amended pleading is submitted in response to a pre-answer motion to dismiss, the provident course of action for the motion court is to include the amended complaint in the record on the pending motion, which should then be granted or denied based on the sufficiency of the amended pleading (*see e.g. Polish Am. Immigration Relief Comm. v Relax*, 172 AD2d 374, 375 [1st Dept 1991]; *see also* Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.07 [2d ed 2011]).

Here, the amended complaint, like the original complaint, was insufficient to state a cause of action upon which relief could be granted. Plaintiffs asserted that defendant Allstate had no right to investigate whether they were fraudulently licensed under Public Health Law article 28 and therefore ineligible to receive no-fault reimbursements. Allstate plainly has that right (*see e.g. State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313 [2005]; *One Beacon Ins. Group, LLC v Midland Med. Care, P.C.*, 54 AD3d 738, 740 [2d Dept 2008]). Plaintiffs also attempted to assert causes of action against Allstate's counsel, defendants Robert P. Macchia and Mehmet P. Gokce for undertaking a legitimate investigation at Allstate's behest. It is well settled that no such cause of action lies (*Hahn v Wylie*, 54 AD2d 629, 629 [1st Dept 1976]).

We have considered the plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.