FCRC Modular, LLC v Skanska Modular LLC (2018 NY Slip Op 01399)





FCRC Modular, LLC v Skanska Modular LLC


2018 NY Slip Op 01399


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


652721/14 -5865 5864 5863

[*1]FCRC Modular, LLC, et al., Plaintiffs-Respondents,
v
Skanska Modular LLC, et al., Defendants-Appellants.
Skanska Modular LLC, et al., Third-Party Plaintiffs-Appellants,
v
Forest City Ratner Companies, LLC, et al., Third-Party Defendants-Respondents. 
Berlin Rosen Ltd., et al., Nonparty Respondents.


Peckar & Abramson, P.C., New York (Bruce Meller of counsel), for appellants.
Kramer Levin Naftalis & Frankel LLP, New York (Harold P. Weinberger of counsel), for FCRC Modular, LLC, FC Modular, Forest City Ratner Companies, LLC and Forest City Enterprises, Inc., respondents.
Montgomery McCracken Walker & Rhoads LLP, New York (Charles Palella of counsel), for Berlin Rosen Ltd., respondent.
DLA piper (US), New York (Joseph Alonzo of counsel), for Greenland US Holding, Inc., respondent.



Orders, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 8, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiffs' and third-party defendants' motion to dismiss the counterclaims and third-party claims under CPLR 3211(a)(1) and (7), and denied as moot defendants/third-party plaintiffs' (appellants) motion to hold nonparties Berlin Rosen Ltd. and Greenland US Holding, Inc. in civil contempt for failure to respond to a subpoena duces tecum, unanimously affirmed, without costs. Order, same court and Justice, entered September 5, 2017, which, among other things, denied appellants' motion, made pursuant to CPLR 2221(e) and 5013(a)(3), for leave to renew and vacate the orders entered August 8, 2016, unanimously affirmed, without costs.
The motion court correctly dismissed appellants' counterclaims and third-party claims for breach of the Limited Liability Company Agreement (LLC Agreement) between plaintiff FCRC Modular, LLC (FCRC Modular) and defendant/third-party plaintiff Skanska Modular LLC (Skanska Modular). Initially, we reject appellants' veil-piercing arguments and decline to treat plaintiffs and third-party defendants as alter egos of each other (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12-13 [1st Dept 2016]). Further, the Opportunity Brief, a business proposal or brochure, was at most a nonbinding offer to enter into a joint venture, and insufficient to form the basis of a breach of contract claim (see Restatement [*2][Second] of Contracts § 26 [no binding offer created by proposal when parties intend "further manifestation of assent" in the future]; Aksman v Xiongwei Ju, 21 AD3d 260 [1st Dept 2005], lv denied 5 NY3d 715 [2005]).
Further, § 2.11 of the Construction Management and Fabrication Services Agreement (CM Agreement) did not incorporate extracontractual representations into the agreement so as to give rise to a breach of contract claim by Skanksa Modular. By its plain terms, § 2.11 permits nonparty Skanska USA Building Inc. (Skanska USA), not Skanska Modular, to rely upon "information supplied to it by or on behalf of Owner and its Affiliates." In addition, § 2.11, read as a whole, was intended to excuse Skanska USA from liability arising from design deficiencies, not to provide a means for it to sue for breach of contract. Moreover, the merger clause in the CM Agreement bars breach of contract claims based on extracontractual promises (see ESG Capital Partners II, LP v Passport Special Opportunities Master Fund LP, 2015 WL 9060982, *11-15, 2015 Del Ch LEXIS 302, *34-45 [Del Ch 2015]; Kindler v Newsweek, Inc., 277 AD2d 159, 159-160 [1st Dept 2000]).
Even assuming there is an ambiguity in the CM Agreement, nothing in the LLC Agreement indicated that the provisions in the CM Agreement were to be fully incorporated into the LLC Agreement. To the extent appellants rely on the contracts' negotiation history, parol evidence is unnecessary where, as here, the contract terms are unambiguous (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]; Salamone v Gorman, 106 A3d 354, 374-375 [Del 2014]). We have reviewed the arguments related to other subparts of the breach of contract claims and find them unavailing.
Appellants failed to state a claim for anticipatory repudiation of §§ 3.1(b) and (c) of the LLC Agreement, which committed FC+Skanska Modular, LLC (FC+Skanska) (now known as plaintiffs) to enter into contracts for modular work on B3 and B4 towers, as appellants failed to plead any act of repudiation on the part of FC+Skanska. On appeal, appellants argue only that third-party defendants should be held liable under an alter ego theory. As discussed, we reject this theory of liability.
Appellants also failed to state claims for fraudulent and negligent misrepresentation. Even assuming appellants have pleaded the claims with sufficient particularity, the representations in the Opportunity Brief were opinion and puffery, and therefore insufficient to support a fraud claim (Sheth v New York Life Ins. Co., 273 AD2d 72, 74 [1st Dept 2000]; Airborne Health, Inc. v Squid Soap, LP, 2010 WL 2836391, *8, 2010 Del Ch LEXIS 150, *19-20 [Del Ch, July 20, 2010, No. 4410-VCL]). Further, the misrepresentations were not made to Skanska Modular, but to nonparty Skanska USA. Moreover, appellants failed to allege a "special relationship" between third-party defendant Forest City Ratner Companies, LLC (Forest City) and Skanska USA; rather, the allegations show that the parties were engaged in an arms-length transaction at the time of the transmission of the Opportunity Brief (see Basis Pac-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 124 AD3d 538, 539 [1st Dept 2015]; Fortis Advisors LLC v Dialog Semiconductor PLC, 2015 WL 401371, *9, 2015 Del Ch LEXIS 22, *28-29 [Del Ch, Jan. 30, 2015, No. 9522-CB]). Appellants do not have a claim for promissory estoppel, as the LLC Agreement already governs the obligations underlying the claim (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; Siga Technologies, Inc. v PharmAthene, Inc., 67 A3d 330, 348 [Del 2013]). To the extent appellants argue that Forest City could still be held liable for the alleged promises, as it was not a party to the LLC Agreement, the representations in the Opportunity Brief were made to Skanska USA, not Skanska Modular.
Appellants have not demonstrated entitlement to contractual indemnification under § 16.1 of the LLC Agreement, which requires FCRC Modular to indemnify Skanska Modular for losses arising from "any breach of, or any failure to perform or comply with, any of such Member's representations, warranties and covenants contained in this Agreement." Appellants failed to allege breach of any provision governing FCRC Modular's obligation to negotiate a collective bargaining agreement. Nothing in the LLC Agreement required FCRC Modular to negotiate a term to afford FC+Skanska the ability to furlough employees.
Appellants failed to state a claim for libel. The challenged statement in a press release regarding defendant/third-party plaintiff Kennedy is protected by section 74 of the Civil Rights [*3]Law. As the press release merely "restate[d] the allegations of the complaint" (McRedmond v Sutton Place Rest. & Bar, Inc., 48 AD3d 258, 259 [1st Dept 2008]), the basis for which Kennedy does not dispute, the reporting is "fair and true" (id. [internal quotations marks omitted]; Lacher v Engel, 33 AD3d 10, 17 [1st Dept 2006]). Kennedy's allegations of malice are conclusory and insufficient to invoke the exception in Williams v Williams (23 NY2d 592 [1969]).
Given the foregoing, the motion court properly denied, as moot, appellants' motion for orders of contempt against Berlin Rosen and Greenland.
The motion court providently exercised its discretion in denying appellants' motion for renewal of the August 2016 orders. Skanska Modular has not set forth "reasonable justification" for its failure to submit the emails, which were in its possession, at the time of the prior motion (CPLR 2221[e][3]; Abu Dhabi Commercial Bank, P.J.S.C. v Credit Suisse Sec. [USA] LLC, 114 AD3d 432 [1st Dept 2014]). In any event, the emails would not "change the prior determination" (CPLR 2221[e][2]), as the negotiation history of the contracts is inadmissible where the contract language is unambiguous (see W.W.W. Assoc., 77 NY2d at 163; Salamone, 106 A3d at 374-375).
The motion court properly denied appellants' motion to vacate the August 16 orders (see CPLR 5015[a][3]), as neither plaintiffs nor the third-party defendants misrepresented the record or made false arguments.
Leave to replead was also properly denied, as appellants failed to set forth any proposed amendments that would cure the present deficiencies (see Seven Seventeen Corp. v JP Morgan Chase & Co., 32 AD3d 802, 802 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK