Olsen v Butler (2024 NY Slip Op 02713)

Olsen v Butler

2024 NY Slip Op 02713

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-00032
 (Index No. 2033/21)

[*1]Steven Olsen, respondent, 
v
Brian E. Butler, et al., defendants, Village of Tuxedo Park, et al., appellants.

McCabe & Mack LLP, Poughkeepsie, NY (Kimberly Hunt Lee of counsel), for appellants.
Michael J. Aviles & Associates LLC, New York, NY (Natascia Ayres of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, training, supervision, and retention, the defendants Village of Tuxedo Park and Tuxedo Park Police Department appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated December 8, 2021. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent hiring, training, supervision, and retention asserted against them.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendants Village of Tuxedo Park and Tuxedo Park Police Department which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent hiring, training, supervision, and retention insofar as asserted against the defendant Tuxedo Park Police Department is dismissed as academic since the Tuxedo Park Police Department is no longer a named defendant in the action; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2021, the plaintiff commenced this action against, among others, the Village of Tuxedo Park, the Tuxedo Park Police Department (hereinafter the Police Department), and Michael Taback, a Police Department sergeant. The plaintiff alleged that, in October 2020, Taback, while off-duty and inebriated, verbally assaulted, physically attacked, and shot the plaintiff at the Golden Rail Ale House in Newburgh. In an amended complaint, the plaintiff asserted a cause of action to recover damages for negligent hiring, training, supervision, and retention against the Village and the Police Department (hereinafter together the defendants). Thereafter, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. The plaintiff opposed the motion and cross-moved for leave to serve and file a second amended complaint. In an order dated December 8, 2021, the Supreme Court granted the plaintiff's cross-motion for leave to serve and file a second amended complaint, and deemed the second [*2]amended complaint served and filed. The second amended complaint did not name the Police Department as a defendant. The court also denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent hiring, training, supervision, and retention asserted against them.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Bumpus v New York City Tr. Auth., 47 AD3d 653, 654). When evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Quiroz v Zottola, 96 AD3d 1035, 1037).
To establish a cause of action based on negligent hiring, retention, supervision, and training of an employee, a plaintiff must demonstrate that the "employer knew or should have known [that] the employee[ ] [had] a propensity for the conduct which caused the [plaintiff's] injury" (Bumpus v New York City Tr. Auth., 47 AD3d at 654 [internal quotation marks omitted]; see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157). "[A]llegations that a defendant had actual knowledge of prior acts by an employee similar to those alleged in the complaint satisfy the notice element" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d at 158). The notice element is also satisfied if "a reasonably prudent employer, exercising ordinary care under the circumstances, would have been aware of the employee's propensity to engage in the injury-causing conduct" (id. at 158-159).
Here, the second amended complaint sufficiently alleged that the Village knew or should have known of Taback's alleged propensity for the conduct that the plaintiff alleged caused his injuries (see Hutchinson-Headley v HP Arverne Preserv. Hous. Co., Inc., 219 AD3d 709, 711; Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 802). The second amended complaint also sufficiently alleged that the Village knew or should have known that it had the ability to control Taback and of the necessity and opportunity for exercising such control, and that Taback engaged in tortious conduct using property or resources available to him only through his status as an employee (see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d at 157). Moreover, contrary to the defendants' contention, the second amended complaint adequately alleged a nexus between the Village's negligence in hiring and retaining Taback and the plaintiff's injuries (see id. at 162).
Accordingly, we affirm the order insofar as reviewed.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court