Bryan v Slothower (2024 NY Slip Op 51630(U))

[*1]

Bryan v Slothower

2024 NY Slip Op 51630(U)

Decided on December 3, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2024
Supreme Court, New York County

Mark C Bryan, Plaintiff,

against
Jeffrey L Slothower, BATTERY PRIVATE INC., BATTERY PRIVATE RE, LLC, XYZ CORP. 1-10, Defendant.

Index No. 651014/2018

Attorneys for Plaintiff:
Michael Nacht of SICHENZIA ROSS FERENCE CARMEL LLP 
Ross Carmel of SICHENZIA ROSS FERENCE CARMEL LLP
Attorney for the Defendants:
Pro se (Jeffrey L Slothower)

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 152, 153 were read on this motion to/for DISMISS.
In motion sequence no. 006, plaintiff moves to dismiss defendant's counterclaim for defamation pursuant to CPLR 3211(a)(5), 3211(a)(7) and CPLR 3016 (a). Defendant has filed no written opposition to the motion.
To dismiss a cause of action pursuant to CPLR 3211 (a)(7), the court must afford the pleadings a liberal construction, "accept the facts as alleged in the [pleading] as true, accord [the claimant] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87—88 [1994]; CPLR 3211(a)(7)). Dismissal is warranted if the claimant fails to assert facts in support of an element of the claim, "or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the statute of limitations, [the movant] must establish, prima facie, that the time within which to sue has expired" (Flintlock Construction Services, LLC v. Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dep't 2020] [internal citations omitted]). Upon such showing, "the burden shifts to the [non-moving party] to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (id. [internal quotations and citations omitted]).
Defendant asserts one counterclaim for defamation. On June 25, 2018, defendant alleges [*2]that plaintiff filed a complaint in writing to Merrill Lynch and FINRA. Defendant maintains that allegations made against him, purportedly by the plaintiff, were publicly published on FINRA's BrokerCheck website ("BrokerCheck"). Defendant further alleges that the arbitration never proceeded because Merril Lynch settled the action. However, defendant insists that the allegations at issue resulted in permanent damage to his reputation.
Defamation occurs when a false statement is made about a person that tends expose such person to public contempt, ridicule, aversion, or disgrace (Frechtman v. Gutterman, 115 AD3d 102, 104 [1st Dept 2014] [internal quotations and citations omitted]). In order to state a cause of action for defamation, the moving party must show that "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (Dillon v. City of New York, 261 AD2d 34, 38 [1st Dept 1999]). "A statement is defamatory on its face when it suggests improper performance of one's professional duties or unprofessional conduct" (Frechtman, 115 AD3d at 104).
Here, defendant's counterclaim asserts that the written complaint to FINRA alleged "unauthorized trading, theft/forgery, unsuitable investment recommendations and misrepresentation from August 2012 until December 2015" (see NYSCEF doc. no. 150). As a result, defendant argues that his reputation and earning potential is forever damaged because the public can see the allegations via an internet search and because the allegations remain on his permanent record. Cognizant of defendant's status as a pro se litigant, and thus affording him a generously liberal reading of his pleading, and, finally, accepting the allegations in the pleading as true, the complained of statements may be read to disparage plaintiff in his profession. Thus, such statements may constitute defamation if they amount to false statements of fact, were published to a third party and if they are not protected by privilege (Frechtman, 115 AD3d at 105). However, it is this court's view that defendant has not sufficiently alleged a cause of action for defamation.
First, defendant fails to allege that the statements at issue are indeed false. To satisfy the falsity element of a defamation claim, a party must allege that the complained of statement is substantially false (Franklin v. Daily Holdings, Inc., 135 AD3d 87, 94 [1st Dept 2015] [internal quotations and citations omitted]). Defendant's counterclaim merely alleges that fact-finding never occurred during the arbitration because Merrill Lynch settled the dispute and, as a result, he was never given a chance to defend himself against the allegations.
Second, defendant's counterclaim does not sufficiently set forth the particular words complained of, nor the manner in which the false statements were made. For causes of action sounding in defamation, CPLR 3016(a) requires that the "particular words complained of" be set forth in the pleading. The pleading must also "allege the time, place and manner of the false statement and [] specify to whom it was made" (Dillon, 261 AD2d at 38). It is undisputed on this record that the allegations at issue were filed with FINRA and Merrill Lynch on June 25, 2018, for the purposes of commencing an arbitration proceeding. Defendant alleges that it was plaintiff who made the statements against defendant and that the allegations were made by "complaint in writing" (NYSCEF doc. no. 150). Although the defendant quotes the allegations made against him, defendant primarily characterizes the complaint itself as "libelous" (id.).
The court notes that the allegations quoted by the defendant appear word-for-word on the BrokerCheck website beneath its "Disclosure(s)" section, following a search of defendant's [*3]name.[FN1]
Notably, neither the website's disclosure nor the "Detailed Report" available for download on BrokerCheck identify the customer or author of the complaint. Moreover, the defendant did not attach the "libelous" written complaint to his answer with counterclaim. It appears to the court that the allegations on the BrokerCheck search  quoted by defendant  are merely a description, or summary, of the statements made by the customer who initiated the arbitration.[FN2]

While the manner in which the alleged customer complaint was filed is unclear to this court, it is clear that defendant's counterclaim for defamation is premised upon the allegations found under BrokerCheck's Disclosures section in a search of defendant's name. The disclosure describing the allegations begins with "[t]he customer alleges unauthorized trading . . . ," which suggests to this court that the disclosure is paraphrasing the customer's complaint to FINRA and Merrill Lynch. Where the alleged defamatory statements are paraphrased by a third-party, the cause of action for defamation cannot be maintained due to failure to plead with particularity (see Ramos v. Madison Square Garden Corp., 257 AD 492, 493 [1st Dept 1999] [plaintiff failed to plead defamation with particularity as required by CPLR 3016(a) because causes of action were pleaded in reliance upon the text of a third-party paraphrasing defendant's alleged statements].
Without annexing the "libelous" complaint to the pleading, the quoted allegations are insufficient to satisfy the particularity requirement under CPLR 3016(a) (see Polish American Immigration Relief Committee, Inc. v. Relax, 172 AD2d 374 [1st Dept 1991] [attaching entire article containing alleged libelous material to the complaint satisfied specificity pleading requirement]; Pappalardo v. Westchester Rockland Newspapers, 101 AD2d 830 [2d Dept 1984] [specificity requirement is satisfied by inclusion of the purported libelous words directly in the complaint or by incorporation]). Accordingly, defendant's counterclaim fails to sufficiently "set forth the alleged defamatory words in haec verba as required by CPLR 3016(a)" or to comply with the statute's special pleading requirements (Le Sannom Bldg. Corp. v. Dudek, 177 AD2d 390, 391 [1st Dept 1991] [defamatory statements quoted from an IAS court decision, which paraphrased statements made by one of the defendants to the NYC Loft Board, did not satisfy CPLR 3016(a)]).
Moreover, the alleged statements that form the basis of defendant's counterclaim were allegedly made in an arbitration proceeding, separate and apart from this action. "[P]ublic policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action" (Rosenberg v. MetLife, Inc., 8 NY3d 359, 365 [*4][2007] [internal citations omitted]). Communications made during participation in judicial or quasi-judicial proceedings are entitled to absolute privilege, which "immunizes a communicant from liability in a defamation action" (id.). Such privilege can also extend to the preliminary or investigative stages of a judicial or quasi-judicial proceeding (id.).
The record demonstrates that the statements complained of in defendant's counterclaim were allegedly made during the course of an arbitration proceeding before FINRA. FINRA, the successor of the National Association of Securities Dealers, Inc. (NASD), is a self-regulatory organization that oversees member brokers, brokerage firms, and exchange markets for the purpose of safeguarding the investing public. FINRA has enforcement powers over its members and conducts its own investigations and administration of disciplinary proceedings. It is well-established that New York courts have extended absolute privilege to a wide array of hearings held by administrative agencies, finding such hearings to be "in substance judicial" (Allan and Allan Arts Ltd. v. Rosenblum, 201 AD2d 136, 139 [2d Dept 1994] [internal quotations and citations omitted]; see also Rosenberg v. MetLife, Inc., 8 NY3d 359, 367 [2007] [NASD, now FINRA, is a quasi-judicial body and its disciplinary determinations are subject to SEC and judicial review]). Thus, an arbitration and any preliminary process conducted by FINRA is considered quasi-judicial in nature. Accordingly, inasmuch as the statements at issue were made for the purpose or during the course of a quasi-judicial proceeding, they are protected by an absolute privilege (see Rosenberg, 8 NY3d at 368).
Finally, the alleged defamatory statements were purportedly made on June 25, 2018, over five years before defendant served his answer with counterclaim. Defendant has failed to raise a question of fact as to whether the statute of limitations has been tolled, or to demonstrate an exception to the limitations period. Therefore, defendant's counterclaim for defamation also fails in that it was not initiated timely under the one-year statute of limitations (CPLR 215[3]; see Dashdevs LLC v. Capital Markets Placement, Inc., 210 AD3d 525, 526 [1st Dept 2022]).
For the foregoing reasons, it is hereby
ORDERED that plaintiff's motion to dismiss defendant's counterclaim for defamation pursuant to CPLR 3211(a)(5), (a)(7), and 3016(a) is granted in its entirety, and, thus, it is
ORDERED that defendant's counterclaim for defamation is hereby dismissed.
DATE 12/3/2024
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:The information icon on the "Disclosure(s)" banner, in connection with a searched broker profile, provides: "Disclosures can be customer complaints or arbitrations, regulatory actions, employment terminations, bankruptcy filings and certain civil or criminal proceedings that they were a part of" (BrokerCheck by FINRA [search of "Jeffrey L. Slothower"], https://brokercheck.finra.org/individual/summary/3064787).

Footnote 2:In the "Detailed Report" of the customer dispute on BrokerCheck, the report provides a "No" response to the question: "Is this a written complaint?" The report also indicates a "No" response to the question, "Is this an oral complaint?" (BrokerCheck by FINRA [search of "Jeffrey L. Slothower"], https://files.brokercheck.finra.org/individual/individual_3064787.pdf).