In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 22, 2012, as denied those branches of their motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the defendants New York City Board of Education and Beach Channel High School, and the plaintiffs cross-appeal from stated portions of the same order which, among other things, denied their cross motion for summary judgment on the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was for summary judgment dismissing so much of the second cause of action insofar as asserted against the defendants New York City Board of Education and Beach Channel High School as alleged that those defendants were negligent immediately following the collapse of the plaintiffs’ decedent, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
*527 On September 13, 2006, Schermiela Palmer (hereinafter the decedent), an 11th grader at Beach Channel High School (hereinafter the School), was walking and running around a track in physical education class. Soon after completing a lap, the decedent collapsed and later died. The decedent’s parents, both individually and on behalf of the decedent’s estate, commenced the instant action against the City of New York, the New York City Board of Education (hereinafter the Board), and the School alleging, inter alia, negligent supervision.
The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the complaint. The Supreme Court granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the City, while the remainder of the motion and the entirety of the cross motion were held in abeyance until additional discovery was completed. Thereafter, in the order appealed from, the Supreme Court granted those branches of the defendants’ motion which were for summary judgment dismissing the cause of action alleging a violation of Education Law § 917 insofar as asserted against the Board and the School (hereinafter together the school defendants), otherwise denied the motion, and denied the plaintiffs’ cross motion for summary judgment on the complaint.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Siller v Mahopac Cent. School Dist., 18 AD3d 532, 533 [2005]). Generally, the adequacy of a school’s supervision of its students and whether inadequate supervision was the proximate cause of a student’s injury are questions of fact (see Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [2013]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted the school defendants, and so much of the second cause of action, insofar as asserted against the school defendants, as alleged that the School’s staff negligently supervised the decedent prior to her collapse. The submissions revealed the existence of a triable issue of fact, inter alia, as to whether the decedent’s physical education teacher denied the decedent’s request to stop and rest after she completed the first lap. Accordingly, the Supreme Court correctly denied those branches of the defendants’ motion.
The Supreme Court correctly granted that branch of the defendants’ motion which was for summary judgment dismiss *528 ing the cause of action alleging a violation of Education Law § 917 insofar as asserted against the school defendants. Pursuant to Education Law § 917 (1), “[s]chool districts . . . shall provide and maintain on-site in each instructional school facility automated external defibrillator (AED) equipment ... to ensure ready and appropriate access for use during emergencies.” The defendants established that any alleged failure to provide ready and appropriate access to an automated external defibrillator (hereinafter AED) was not a proximate cause of the decedent’s injuries. The defendants submitted evidence that the decedent was breathing and had a pulse until seconds before emergency medical services (hereinafter EMS) personnel arrived at the School, and that an AED should not be used on an individual who is breathing and has a pulse. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Therefore, we need not rule on whether there is a private right of action under Education Law § 917 in the first instance.
However, the Supreme Court incorrectly denied that branch of the defendants’ motion which was for summary judgment dismissing so much of the second cause of action, insofar as asserted against the school defendants, as alleged that those defendants were negligent immediately following the decedent’s collapse. The plaintiffs alleged that, after the decedent collapsed, the School’s staff was negligent in failing to perform cardiopulmonary resuscitation (hereinafter CPR) procedures, use an AED on the decedent, or timely call the 911 emergency telephone number. The defendants submitted evidence that the School’s staff promptly checked to see if the decedent was breathing and had a pulse, and that the decedent was breathing and had a pulse until seconds before EMS personnel arrived. The defendants further established that CPR procedures should not be performed on, or an AED used on, an individual who is breathing and has a pulse, and also that 911 was promptly called. In opposition, the plaintiffs submitted evidence, in the form of the affidavit of the decedent’s friend, that the decedent’s physical education teacher, as well as other staff at the School, did not call 911. However, this evidence was flatly contradicted by documentary evidence showing that the decedent’s physical education teacher called 911 (see Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796 [2011]; Bank of N.Y. v 125-127 Allen St. Assoc., 59 AD3d 220 [2009]; Friedman v Ocean Dreams, LLC, 56 AD3d 719, 720 [2008]; Rivera v Glen Oaks Vil. Owners, Inc., 41 AD3d 817, 821 [2007]; Matter of Fisch v Aiken, 252 AD2d 556, 556-557 [1998]). Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was *529 for summary judgment dismissing so much of the second cause of action, insofar as asserted against the school defendants, as alleged that those defendants were negligent immediately following the decedent’s collapse. Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.