In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 27, 2012, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Sports and Arts in Schools Foundation, Inc., and the New York City Department of Education.
Ordered that the order is affirmed insofar as appealed from, with costs.
In August 2009, the infant plaintiff, then age seven, was a participant at a summer day camp conducted on the premises of a New York City public school, and was allegedly injured when he was pushed from behind by an older child. The infant plaintiff had been playing tag with his friends, a group of eight other children, in the school gymnasium waiting for his mother to pick him up for the day when he was allegedly pushed by another camper who had not been involved in their game. The subject summer program was run by the defendant Sports and Arts in Schools Foundation, Inc. (hereinafter SASF), in partnership with the defendant New York City Department of Education (hereinafter DOE), for children ages six to approximately 12. At his deposition, the infant plaintiff testified that, at the time of the incident, a group of approximately 25 to 30 campers was left with five teenagers, who ordinarily assisted the teachers, in the gymnasium when the adult teacher left the gymnasium to use the facilities, that the teenagers were not watching the campers but sitting on a bench, text-messaging and talking among themselves, and that none of the teenagers came to his aid.
The defendants moved, inter alla, for, summary judgment dismissing the complaint insofar as asserted against SASF and the DOE. The Supreme Court denied those branches of the defendants’ motion.
*938 “[S]chools and camps owe a duty to supervise their charges and will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision” (Harris v Five Point Mission — Camp Olmstedt, 73 AD3d 1127, 1128 [2010]; see Mirand v City of New York, 84 NY2d 44, 49 [1994]). Whether such supervision was adequate and if, inadequate, whether it was a proximate cause of the subject injuries are generally questions for the trier of fact to resolve (see Palmer v City of New York, 109 AD3d 526, 527 [2013]; Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [2013]; see also Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]). “An injury caused by the impulsive, unanticipated act of a fellow [camper or] student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act” (Khosrova v Hampton Bays Union Free Sch. Dist., 99 AD3d 669, 671 [2012]; see Armellino v Thomase, 72 AD3d 849, 850 [2010]).
Here, SASF, which only submitted the transcript of the deposition testimony of the infant plaintiff, failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. This submission demonstrated the existence of triable issues of fact as to whether the infant plaintiff was provided with adequate supervision and, if not, whether such a lack of adequate supervision proximately caused his alleged injuries (see Palmer v City of New York, 109 AD3d at 527; Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d at 894; Armellino v Thomase, 72 AD3d at 850).
Further, contrary to its contention, the DOE failed to establish its prima facie entitlement to judgment as a matter of law based on its contention that the infant plaintiff was not in its custody at the time of the occurrence since he was participating in a summer camp operated by SASF (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; cf. Wisoff v County of Westchester, 296 AD2d 402, 402-403 [2002]). The DOE did not submit any evidence defining the relationship between itself and SASF, including whether its personnel retained supervision or control over the SASF program.
Since SASF and the DOE failed to meet their respective prima facie burdens, we need not consider the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court properly denied those branches of the defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted against SASF and the DOE. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.