■ US Bank National Association, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1, Respondent, v Caroline Waloski Weinman, Appellant, et al., Defendant. [2 NYS3d 128]—

In an action to foreclose a mortgage, the defendant Caroline Waloski Weinman appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 29, 2013, (2) stated portions of an order of the same court dated June 11, 2013, (3) so much of an order of the same court dated September 13, 2013, as, after a framed-issue hearing on the issue of whether the plaintiff timely and properly served her with a notice of default in payment of the subject mortgage obligation, as required by RPAPL 1304, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing all counterclaims and affirmative defenses and for the appointment of a referee to compute the amount owed to the plaintiff, and denied those branches of her cross motion which were pursuant to CPLR 3211 (a) and 3126 to dismiss the complaint insofar as asserted against her.

Ordered that the appeals from the orders dated March 29, 2013, and June 11, 2013, are dismissed, without costs or disbursements, as those orders were superseded by the order dated September 13, 2013 (see *US Bank N.A. v Cange*, 96 AD3d 825 [2012]); and it is further,

Ordered that the order dated September 13, 2013, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the affirmative defense alleging that it lacked standing, and for the appointment of a referee, and substituting therefor a provision denying those

branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On or about July 14, 2005, the defendant Caroline Waloski Weinman obtained a home loan in the principal sum of $600,000 from Wall Street Mortgage Brokers, Ltd., doing business as Power Express (hereinafter Wall Street), secured by a mortgage on real property located in Greenport. On or about February 1, 2010, the plaintiff, US Bank National Association, as Trustee for Credit Suisse First Boston CSFB ARMT 2006-1, commenced this action to foreclose the mortgage.

" '[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default' " (*Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012], quoting *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010]). Where the plaintiff's standing to commence the action is placed in issue by the defendant, the plaintiff must ultimately establish its standing to be entitled to relief (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 724; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "[W]ritten assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*Bank of N.Y. Mellon v Gales*, 116 AD3d at 724 [internal quotation marks omitted]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

On a motion for summary judgment dismissing an affirmative defense, the movant has the initial burden of demonstrating its prima facie entitlement to judgment as a matter of law (*see JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2011]). Here, the plaintiff failed to establish that, at the time the action was commenced, it was the holder or assignee of both the subject mortgage and the underlying note. The affidavit of the plaintiff's servicing agent, which did not give any factual details of a physical delivery of the note, failed to establish that the plaintiff had physical possession of the note prior to commencing this action (*see Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 508-509 [2013]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012]).

Moreover, excerpts from a Pooling and Servicing Agreement that was submitted with the plaintiff's motion papers failed to demonstrate either the existence of a written assignment of the note, or the delivery of the note, by Wall Street to the plaintiff prior to the commencement of the action. Since the plaintiff did not submit evidence sufficient to demonstrate that it had standing to commence this action, the Supreme Court erred in granting that branch of its motion which was for summary judgment dismissing Weinman's affirmative defense alleging that it lacked standing. Consequently, the court should not have granted those branches of its motion which were for summary judgment on the complaint and for the appointment of a referee (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 725; *HSBC Bank USA v Hernandez*, 92 AD3d at 844).

However, the Supreme Court properly denied that branch of Weinman's cross motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her, which was based upon the plaintiff's lack of standing, as she failed to establish that the plaintiff was not the holder or assignee of the subject mortgage and the underlying note at the time this action was commenced (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 683).

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.