■ SAMANTHA DIGIACOMO, an Infant, by Her Mother and Natural Guardian, JOANNE DIGIACOMO, et al., Respondents, v TOWN OF BABYLON, Appellant. [2 NYS3d 548]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), entered January 17, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action was commenced to recover damages for injuries allegedly sustained by the then six-year-old infant plaintiff when she fell from a horizontal ladder, sometimes referred to as a "monkey bar" or horizontal bar (hereinafter the bar), at a playground in the Phelps Lane Memorial Park. At the time of the accident, the infant plaintiff was attending a summer camp operated by the defendant Town of Babylon, which owns and operates the park.

In support of its motion for summary judgment, the defendant submitted portions of the transcript of the deposition testimony of the infant plaintiff, in which she testified that she had not previously used the bar. She testified that, prior to her accident, she watched two other children stand on their toes and jump off a wooden platform to grab the bar. After observing them, the infant plaintiff also attempted to jump off the wooden platform to grab the bar. However, when she tried to grab the bar, she slipped off, and struck her left arm on the wooden platform.

The defendant also submitted the transcripts of the deposition testimony of two camp counselors. One counselor testified that children were not permitted to jump to reach the bar. The other counselor testified that a counselor would "usually" spot the children while they were playing on the bar. However, she

did not recall whether anyone was working at the bar at the time of the accident. The defendant submitted photographs showing that the infant plaintiff could not reach the bar unless she jumped or was assisted. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.

" '[S]chools and camps owe a duty to supervise their charges and will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision' " (*Osmanzai v Sports & Arts in Schools Found., Inc.*, 116 AD3d 937, 938 [2014], quoting *Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127, 1128 [2010]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Whether such supervision was adequate and, if inadequate, whether it was a proximate cause of the subject injuries are generally questions for the trier of fact to resolve (*see Osmanzai v Sports & Arts in Schools Found., Inc.*, 116 AD3d at 938; *Palmer v City of New York*, 109 AD3d 526, 527 [2013]; *Braunstein v Half Hollow Hills Cent. Sch. Dist.*, 104 AD3d 893, 894 [2013]).

Here, the defendant failed to establish, prima facie, that it provided adequate supervision to the infant plaintiff, or that lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries (*see Osmanzai v Sports & Arts in Schools Found., Inc.*, 116 AD3d at 938; *Palmer v City of New York*, 109 AD3d at 527; *Braunstein v Half Hollow Hills Cent. Sch. Dist.*, 104 AD3d at 894).

Contrary to the defendant's contentions, it did not establish that the accident occurred in so short a span of time that even the most intense supervision could not have prevented it (*see Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 635 [2005]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]). The infant plaintiff testified that she watched other children jumping up to grab the bar before she attempted to do so. The defendant did not submit any evidence demonstrating that there were any counselors spotting the children on the bar or enforcing the rule that the children were not permitted to jump onto the bar at the time of the accident (*see e.g. Oliverio v Lawrence Pub. Schools*, 23 AD3d at 634). Thus, the defendant's own submissions failed to eliminate triable issues of fact as to the adequacy of the supervision, and whether proper supervision of the children at the bar would have prevented the accident (*see Gomez v Floral Park-Bellrose Union Free School Dist.*, 83 AD3d 778, 779-780 [2011]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the

sufficiency of the plaintiffs' opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.