Wells Fargo Bank, N.A. v Edwards (2020 NY Slip Op 04993)





Wells Fargo Bank, N.A. v Edwards


2020 NY Slip Op 04993


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-01262
2019-01264
 (Index No. 605722/15)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Sylvia Edwards, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Marissa Banez of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sylvia Edwards appeals from two orders of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), both dated November 5, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sylvia Edwards, for summary judgment dismissing that defendant's first and fifth affirmative defenses and first and second counterclaims, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sylvia Edwards, for summary judgment dismissing that defendant's first and fifth affirmative defenses and first and second counterclaims, and for an order of reference, are denied.
On June 1, 2015, the plaintiff commenced the instant action to foreclose a mortgage encumbering residential property located in Suffolk County which was given on December 5, 2003, as security for a promissory note in the principal amount of $256,000. In her answer, the defendant Sylvia Edwards (hereinafter the defendant) asserted, in her first affirmative defense and first counterclaim, that the action was time-barred. In her fifth affirmative defense, the defendant alleged that the plaintiff had failed comply with the requirements set forth in Banking Law § 6-l. In her second counterclaim, the defendant sought attorney's fees incurred in defending this action. The defendant appeals from the granting of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, for summary judgment dismissing her first and fifth affirmative defenses and her first and second counterclaims, and for an order of reference.
The defendant's first affirmative defense and first counterclaim asserted that the present action was untimely because a prior action commenced in 2005 had accelerated the debt and that more than six years had elapsed prior to the commencement of the present action. In moving for summary judgment, the plaintiff acknowledged that a prior action to foreclose this mortgage had [*2]been commenced on September 13, 2005. While the plaintiff argued that the defendant had failed to allege that the prior action had validly accelerated the debt, in order to obtain summary judgment dismissing the affirmative defense, the plaintiff, as the movant, had the initial burden of demonstrating its entitlement to judgment as a matter of law dismissing the defendant's first affirmative defense and first counterclaim alleging that this action is time-barred (see Bank of N.Y. v Penalver, 162 AD3d 834, 835; US Bank N.A. v Weinman, 123 AD3d 1108). Since the plaintiff failed to offer any evidence that the 2005 action did not accelerate the debt, the plaintiff was not entitled to summary judgment dismissing the first affirmative defense and first counterclaim, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Similarly, the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the defendant's fifth affirmative defense, alleging failure to comply with the requirements set forth in Banking Law § 6-l. RPAPL 1302(2) provides, in pertinent part, that "[i]t shall be a defense to an action to foreclose a mortgage for a high-cost home loan or subprime home loan that the terms of the home loan or the actions of the lender violate any provision of section six-l or six-m of the banking law." "Banking Law § 6-l(1)(d) defines a [h]igh-cost home loan' as one that exceeds the thresholds in paragraph (g) of subdivision (1) of the statute, which in turn defines those thresholds as either a loan with a rate that is eight points higher than the yield on treasury securities in the month before the loan application (see § 6-l[1][g][i]), or a loan of $50,000 or more in which the points and fees exceed five percent of the total loan amount (see § 6-l [1][g][ii])" (DLJ Mtge. Capital, Inc. v Huzair, 158 AD3d 1143, 1144-1145). Here, as in Huzair, the plaintiff, in moving for summary judgment, addressed only the first threshold, contending that the loan was not a "high-cost loan" because "the interest rate of the subject loan, at 7.875% only . . . , does not even reach the 8% threshold." "Inasmuch as the loan in question exceeded $50,000 and [the] plaintiff failed to address the second threshold, [the] plaintiff . . . failed to establish [its] prima facie entitlement to judgment as a matter of law dismissing the [fifth] affirmative defense" (id. at 1145 [internal quotation marks omitted]), regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, for summary judgment dismissing the defendant's first and fifth affirmative defenses and first and second counterclaims, and for an order of reference.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court