L. S. v Massapequa Union Free Sch. Dist. (2023 NY Slip Op 01815)

L. S. v Massapequa Union Free Sch. Dist.

2023 NY Slip Op 01815

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-09022
 (Index No. 602886/19)

[*1]L. S., etc., et al., respondents,
v
Massapequa Union Free School District, appellant.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Pulvers, Pulvers & Thompson, LLP (Wiese & Aydiner PLLC, Mineola, NY [Si Aydiner], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered November 5, 2020. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2018, the infant plaintiff allegedly was injured when she fell from monkey bar rings while playing with friends during recess in the larger of two playgrounds located at Unqua Elementary School, which is within the defendant, Massapequa Union Free School District. The infant plaintiff alleged that she and three friends had been taking turns hanging onto two of the monkey bar rings while each friend separately pushed the child hanging from the rings. The children had been playing this game for nearly the entire 20-minute recess period. Each child's turn took approximately four to five minutes. The infant plaintiff was the last person in the group to take a turn. After each of her friends had taken a turn pushing the infant plaintiff, one of those friends allegedly pushed the infant plaintiff again, but pushed too hard. The infant plaintiff lost her grip and fell to the ground below the apparatus, allegedly breaking both wrists.
The infant plaintiff, by her mother, and her mother suing derivatively, commenced this personal injury action against the defendant. They alleged, among other things, that the defendant was negligent in its supervision of the infant plaintiff on the date of the accident. The defendant moved for summary judgment dismissing the complaint. By order entered November 5, 2020, the Supreme Court, inter alia, denied that branch of the motion which was for summary judgment dismissing the cause of action alleging negligent supervision. The defendant appeals, and we affirm.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate [*2]supervision" (Mirand v City of New York, 84 NY2d 44, 49; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 747-748). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable 'for every thoughtless or careless act by which one pupil may injure another'" (Mirand v City of New York, 84 NY2d at 49, quoting Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 306).
"Whether a student is properly supervised 'depends largely on the circumstances attending the event'" (Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541, quoting Farrukh v Board of Educ. of City of N.Y., 227 AD2d 440, 441; see SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 816). Generally, the adequacy of a school's supervision of its students and whether inadequate supervision was the proximate cause of a student's injury are questions of fact (see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; DiGiacomo v Town of Babylon, 124 AD3d 828, 829). However, where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the school defendant is warranted (see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 610; Santos v City of New York, 138 AD3d 968, 969).
Here, the defendant failed to demonstrate, prima facie, that it provided adequate supervision to the infant plaintiff, or that a lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries (see B.T. v Bethpage Union Free Sch. Dist., 173 AD3d 806; SM v Plainedge Union Free Sch. Dist., 162 AD3d at 816; DiGiacomo v Town of Babylon, 124 AD3d at 829). The defendant's submissions in support of its motion included transcripts of the injured plaintiff's testimony at a General Municipal Law § 50-h hearing and at her deposition, in which the infant plaintiff testified that she and her friends had been pushing each other on the monkey bar rings throughout the recess period and that she did not observe any adults in the area where the children were engaged in this activity. The defendant also submitted transcripts of the deposition testimony of two of its teachers who supervised the students during recess. One of the teachers testified that the students were not permitted to push one another on the monkey bar rings because it would present a safety issue. The other teacher testified that the students would only be permitted to push one another if they did not push too hard, and that was the reason for the teachers to supervise the children while they were using the monkey bar rings. Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court