**G.R. v Garden City Pub. Schs.**

2024 NY Slip Op 30378(U)

January 31, 2024

Supreme Court, Nassau County

Docket Number: Index No. 900399/2021

Judge: Leonard D. Steinman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------------X

G.R.,                                  Part CVA-R
                                         Index No. 900399/2021
                   Plaintiffs,      Mot. Seq. 004

-against-

GARDEN CITY PUBLIC SCHOOLS and          DECISION AND ORDER
GARDEN CITY MIDDLE SCHOOL,

                                 Defendants.

-------------------------------------------------------------------------X

LEONARD D. STEINMAN, J.

_____

The following papers, in addition to any memoranda of law and/or statement of material facts, were reviewed in preparing this Decision and Order:

Defendants' Notice of Motion, Affirmation & Exhibits............................................ 1
Plaintiff's Affirmation in Opposition & Exhibits.......................................................2
Defendants' Reply......................................................................................................3

_____

In this action plaintiff alleges that he was sexually abused by his sixth-grade teacher, Manuel Martin, in the spring of the 1997-1998 school year. Plaintiff asserts causes of action against defendants for negligence, negligent training and supervision and negligent retention.[1] The defendants move for an Order, pursuant to CPLR 3212, granting summary judgment and dismissing the complaint in its entirety. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff alleges that, on one occasion in the spring of his sixth-grade school year (1998), his teacher Mr. Martin asked him to stay after class.[2] Plaintiff claims that Martin grabbed plaintiff by the arm and pulled him over Martin's lap. Plaintiff remained over Martin's lap for a period of 20 to 30 seconds, during which time, plaintiff testified that something against his penis felt "hard." Another student walked in the room and Martin told

---

[1] Plaintiff's breach of fiduciary duty claim was dismissed by decision and order dated May 31, 2022.

[2] Plaintiff's class was held off-school premises in a building leased by BOCES.

plaintiff to leave.  When asked if Martin "spanked" him during this incident, plaintiff testified that he felt "force" on his back.

The following day, plaintiff was called to the guidance counselor, Ms. Weiss' office. Weiss asked plaintiff what had happened the day prior.  Plaintiff demonstrated what happened by laying over Weiss' lap for approximately 3 seconds.  Plaintiff did not tell Weiss or anyone else that he was inappropriately touched by Martin.  Plaintiff does not assert that Martin abused him on any other occasion.

Martin was hired by defendants in 1968.  The personnel file of Martin contains, among other things, positive reference letters, positive teacher evaluation reports, and complimentary letters from parents and school administrators.  No complaints related to abuse of a student are contained in the file.

Martin's file does contain a document that is described as a "re-construction" of conferences and meetings that resulted from a report made by an adult, female teacher, Mrs. Herricks, in 1984.  Mrs. Herricks allegedly reported that she was physically "handled" by Martin in January 1984 and wanted it to stop.  Mrs. Herricks admitted that from September 1983 until January 1984, she and Martin had a consensual affair.

## LEGAL ANALYSIS

It is the movant who has the burden to establish an entitlement to summary judgment as a matter of law.  *Ferrante v. American Lung Assn.*, 90 N.Y.2d 623 (1997).  "CPLR §3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material facts on every relevant issue raised by the pleadings, including any affirmative defenses."  *Stone v. Continental Ins. Co.*, 234 A.D.2d 282, 284 (2d Dept. 1996).  Where the movant fails to meet its initial burden, the motion for summary judgment should be denied.  *US Bank N.A. v. Weinman,* 123 A.D.3d 1108 (2d Dept. 2014).

Once a movant has shown a *prima facie* right to summary judgment, the burden shifts to the opposing party to show that a factual dispute exists requiring a trial, and such facts presented by the opposing party must be presented by evidentiary proof in admissible

2

form.  *Zuckerman v. New York*, 49 N.Y.2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065 (1979).

From the outset, because Garden City Middle School is not a legal entity capable of being sued, all claims against it are dismissed.  *See Guerriero v. Sewanhaka Cent. High School Dist.*, 150 A.D.3d 831 (2d Dept. 2017).

To sustain his negligence claims, plaintiff must allege and prove (1) a duty owed by the defendants to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.  *Solomon v. New York*, 66 N.Y.2d 1026, 1027 (1985); *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016); *see also, Turcotte v. Fell,* 68 N.Y.2d 432, 437 (1986); *Mitchell v. Icolari*, 108 AD3d 600 (2d Dept 2013).  "A necessary element of a cause of action alleging negligent retention or negligent supervision is that the 'employer knew or should have known of the employee's propensity for the conduct which caused the injury'."  *Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept 2008).

> Although an employer cannot be held vicariously liable  "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee. . . . The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention' of the employee."

*Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept 2018) (internal citations omitted).

Similarly where, as here, a complaint also alleges negligent supervision of a minor stemming from injuries related to an individual's intentional acts, "the plaintiff generally must demonstrate that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable."  *Nevaeh T. v. City of New York*, 132 A.D.3d 840, 842 (2d Dept. 2015), *quoting*

3

*Timothy Mc. v. Beacon City Sch. Dist.*, 127 A.D.3d 826, 828 (2d Dept. 2015); *see also Mirand v. City of New York*, 84 N.Y.2d 44, 49 (1994). "[S]chools and camps owe a duty to supervise their charges and will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision." *Osmanzai v. Sports and Arts in Schools Foundation, Inc.*, 116 A.D.3d 937 (2d Dept. 2014); *see also Doe v. Whitney*, 8 A.D.3d 610, 611 (2d Dept. 2004).

A defendant is on notice of an employee's propensity to engage in tortious conduct when it knows or should know of the employee's tendency to engage in such conduct. *Moore Charitable Foundation v. PJT Partners, Inc.*, 40 N.Y.3d 150, 159 (2023) "[T]he notice element is satisfied if a reasonably prudent employer, exercising ordinary care under the circumstances, would have been aware of the employee's propensity to engage in the injury-causing conduct." *Id*. at 159.

The defendants satisfied their *prima facie* burden entitling them to summary judgment by providing the evidence available that they had no notice that Martin had a propensity to sexually abuse students *prior* to plaintiff's alleged abuse. Plaintiff does not assert that he notified anyone that Martin touched him inappropriately nor does he claim that anyone on behalf of defendants knew of the alleged abuse. And plaintiff admits that Martin made no physical contact with him after the one instance that is alleged in this case. Further, there are no allegations of child sexual abuse or complaints of any kind concerning students in Martin's personnel file. Daniel Bryan (Assistant Superintendent, 1991 to 2000) and Lee Wilson (Superintendent, 1993 to 1999), each attest that they never received any complaints, accusations or heard any rumors that Martin acted inappropriately with a student. Dana DiCapua, defendants' current Superintendent, attests that Martin's personnel file would contain documentation of any accusation or complaint made to defendants and, based upon her review of his file, none exist.

In opposition, plaintiff has failed to raise an issue of fact with respect to whether the defendants had actual or constructive notice that Martin had a propensity to commit sexual abuse prior to the alleged abuse of plaintiff. Plaintiff's contention that defendants possessed

4

notice because they received a complaint against Mr. Martin in 1984 by another teacher with whom he had a romantic affair is unpersuasive. Just as in *Moore Charitable Foundation v. PJT Partners, Inc.*, it cannot reasonably be said that the conduct complained of by Mrs. Herricks was similar enough to the "injury causing conduct" here so as to put defendants on notice of a propensity of Martin to commit child sex abuse.[3] *Id.*

Accordingly, the motion for summary judgment is granted and the complaint is dismissed in its entirety. [4]

Any other relief requested not specifically addressed herein is denied.

This constitutes the Decision and Order of this court.

Dated:  January 31, 2024
      Mineola, New York

**ENTER:**

_____
**LEONARD D. STEINMAN, J.S.C.**
**XXX**

---

[3] Plaintiff's counsel's theory concerning Martin's 1987 transfer to the middle school from another school in the district is based on mere speculation and is not considered by this court. However, parenthetically it is noted that defendant addressed this theory in reply and asserts that the transfer resulted from staffing needs at the newly opened middle school.

[4] Based on the foregoing, this court need not address defendants' argument that they are municipal entities immune from liability for discretionary acts including the hiring, supervision and retention of employees.

5