| |
|---|
| **T.N. v Great Neck Pub. Schs. Bd. of Educ.** |
| 2024 NY Slip Op 30777(U) |
| March 12, 2024 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 900157/2020 |
| Judge: Leonard D. Steinman |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------X
T. N.,
                                            **Plaintiff,**

            **-against-**

GREAT NECK PUBLIC SCHOOLS BOARD OF
EDUCATION, GREAT NECK PUBLIC SCHOOLS,
and GREAT NECK NORTH JUNIOR HIGH SCHOOL,

                                        **Defendants.**
-------------------------------------------------------------------------X
GREAT NECK PUBLIC SCHOOLS BOARD OF
EDUCATION, GREAT NECK PUBLIC SCHOOLS,
and GREAT NECK NORTH JUNIOR HIGH SCHOOL,

                           **Third-Party Plaintiffs,**

            **-against-**

EARL HIGGINS,
                           **Third-Party Defendant.**
-------------------------------------------------------------------------X

| | |
|---|---|
| | **Part CVA-R**<br>**Index No. 900157/2020**<br>**Mot. Seq. No. 003** |
| | **DECISION AND ORDER** |

**LEONARD D. STEINMAN, J.**

_____

     The following papers, in addition to any memoranda of law and/or statement of material facts, were reviewed in preparing this Decision and Order:

     Defendants' Notice of Motion, Affirmation & Exhibits……...........................................1
     Plaintiff's Affirmation in Opposition & Exhibits...................................……..……2
     Defendants' Reply……...............……………...........................................................3

_____

     Third-party defendant Earl Higgins was a music teacher at the Great Neck North Junior High School in the 1970s. During the 1971-72 school year, N.M., an 11th grade student, informed a teacher in the Great Neck School District that Higgins had kissed her and

professed his love for her. [1]  Sometime during the 1971-72 and 1972-73 school years, Higgins kissed plaintiff, a minor student of the District, and on a separate occasion performed oral sex on her.  Plaintiff now brings this action against defendants alleging, among other things, that their negligence resulted in her abuse.  The defendants now move, pursuant to CPLR 3212 for summary judgment.  For the reasons set forth below, their motion is granted in part and denied in part.

## LEGAL ANALYSIS

Summary judgment is a procedural device that is designed to expedite the resolution of civil cases where no issue of material fact is presented to justify a jury trial.  *Di Sabato v. Soffes*, 9 A.D.2d 297 (1st Dept. 1959).  It is a drastic remedy and should be granted only if there are no material issues of fact.  *Andre v. Pomeroy*, 35 N.Y.2d 361, 364 (1974).  If there is any doubt as to the existence of a triable issue summary judgment should be denied. *Matter of Olivieri*, *9/29/1994*, 208 A.D.3d 489, 490 (2d Dept. 2022).

It is the movant who has the burden to establish his/her entitlement to summary judgment as a matter of law.  *Ferrante v. American Lung Assn.*, 90 N.Y.2d 623 (1997).  "CPLR § 3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material facts on every relevant issue raised by the pleadings, including any affirmative defenses."  *Stone v. Continental Ins. Co.*, 234 A.D.2d 282, 284 (2d Dept. 1996).  Where the movant fails to meet its initial burden as the movant, the motion for summary judgment should be denied.  *US Bank N.A. v. Weinman*, 123 A.D.3d 1108 (2d Dept. 2014).

A defendant's burden cannot be satisfied merely by pointing to gaps in the plaintiff's proof.  *Matter of New York City Asbestos Litigation*, 174 A.D.3d 461 (1st Dept. 2019); *Vittorio v. U-Haul Co.*, 52 A.D.3d 823 (2d Dept. 2008).

---

[1] The facts as set forth by the court are consistent with evidence submitted by plaintiff, including her deposition testimony.  In the context of a summary judgment motion, a court is to view the evidence in a light most favorable to the opposing party and give such party the benefit of every favorable inference.  *Sheryll v. L & J Hairstylists of Plainview, Ltd.*  272 A.D.2d 603 (2d Dept. 2000).  This court is making no findings of fact.

2

Once a movant has shown a *prima facie* right to summary judgment, the burden shifts to the opposing party to show that a factual dispute exists requiring a trial, and such facts presented by the opposing party must be presented by evidentiary proof in admissible form. *Zuckerman v. New York*, 49 N.Y.2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065 (1979).

Plaintiff has asserted causes of action alleging (1) negligence (First Cause of Action) and (2) intentional infliction of emotional distress (Second Cause of Action). Plaintiff has agreed to dismiss her Second Cause of Action and further has agreed to dismiss her claims against Great Neck North Junior High School based upon defendants' representation that it is not a jural entity.

A plaintiff may not recover punitive damages against a public entity and, as a result, plaintiff may not recover punitive damages against defendants. *Dixon v. William Floyd Union Free School Dist.*, 136 A.D.3d 972 (2d Dept. 2016). Therefore, the request for punitive damages is stricken.

To sustain her negligence claim, plaintiff must allege and prove (1) a duty owed by the defendants to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom. *Solomon v. New York*, 66 N.Y.2d 1026, 1027 (1985); *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016); *see also*, *Turcotte v. Fell*, 68 N.Y.2d 432, 437 (1986); *Mitchell v. Icolari*, 108 AD3d 600 (2d Dept 2013). Plaintiff argues that defendants were negligent by failing to properly supervise her and Higgins.

"A necessary element of a cause of action alleging negligent retention or negligent supervision is that the 'employer knew or should have known of the employee's propensity for the conduct which caused the injury'." *Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept 2008).

> Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee. . . . The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have

3

been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention' of the employee."

*Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept 2018) (internal citations omitted).

Similarly where, as here, plaintiff asserts negligent supervision of a minor stemming from injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the relevant entity knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable. *Nevaeh T. v. City of New York*, 132 A.D.3d 840, 842 (2d Dept. 2015), *quoting Timothy Mc. v. Beacon City Sch. Dist.*, 127 A.D.3d 826, 828 (2d Dept. 2015); *see also Mirand v. City of New York*, 84 N.Y.2d 44, 49(1994). An entity responsible for supervising a minor will only be held liable for foreseeable injuries proximately caused by the absence of adequate supervision. *Osmanzai v. Sports and Arts in Schools Foundation, Inc.*, 116 A.D.3d 937 (2d Dept. 2014); *see also Doe v. Whitney*, 8 A.D.3d 610, 611 (2d Dept. 2004).

None of the sexual abuse of the plaintiff is alleged to have occurred on school grounds. Instead, the parties' sexual activity took place in Higgins' car, off campus. Furthermore, plaintiff does not assert that any inappropriate physical activity took place at the school, although she does assert that his "grooming" of her took place there.

Because all the abuse took place off school property and outside of school hours, plaintiff may not rely on a theory that that the defendants negligently supervised her. *Doe v. Hauppauge Union Free School Dist.*, 213 A.D.3d 809, 810 (2d Dept. 2023). A school is not liable for injuries that occur off school property and beyond the orbit of its authority. *See Doe 1 v. Board of Educ. of Greenport Union Free School Dist.*, 100 A.D.3d 703, 705 (2d Dept. 2012); *Vernali v. Harrison Cent. School Dist.*, 51 A.D.3d 782, 783 (2d Dept. 2008).

Nonetheless, the defendants may be liable to plaintiff for their negligent supervision and retention of Higgins if it is determined that they had notice of Higgins' propensity to commit abuse prior to the abuse of plaintiff and such negligence was a proximate cause of the abuse. The location of the actual abuse under this analysis is inconsequential. The

4

defendants may be liable for the foreseeable consequences of their negligence, and Higgins' abuse of plaintiff—wherever it occurred—was the very same risk that a jury could find rendered the defendants negligent for supervising and retaining Higgins. *See Bell v. Board of Educ. of the City of N.Y.*, 90 N.Y.2d 944, 947 (1997)("[w]hen the intervening act, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs").

Here, there is evidence in the form of Nina Miller's deposition testimony submitted with defendants' motion that the defendants received actual prior notice that Higgins had abused another student. As a result, defendants have not made out a *prima facie* case entitling them to summary judgment.[2]

All other requested relief, not specifically addressed herein, is hereby denied.

This constitutes the Decision and Order of this court.

Dated: March 12, 2024
Mineola, New York

**ENTER:**

_____
**LEONARD D. STEINMAN, J.S.C.**

---

[2] Plaintiff states that she is not asserting a claim under Social Services Law §413; defendants' argument that any such claim should be dismissed therefore is moot.

5