**D.B. v Long Is. Jewish-Hillside Med. Ctr.**

2024 NY Slip Op 33044(U)

August 28, 2024

Supreme Court, Nassau County

Docket Number: Index No. 900256/2021

Judge: Leonard D. Steinman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

D.B.,

                                **Plaintiff,**

                      **-against-**

LONG ISLAND JEWISH-HILLSIDE MEDICAL
CENTER A/K/A NORTH SHORE UNIVERSITY
LONG ISLAND JEWISH MEDICAL CENTER A/K/A
LONG ISLAND JEWISH MEDICAL CENTER;
SCHNEIDER CHILDREN'S HOSPITAL A/K/A
STEVEN AND ALEXANDRA COHEN CHILDREN'S
MEDICAL CENTER OF NEW YORK; NORTHWELL
HEALTH, INC., MICHAEL P. NUSSBAUM, M.D.,

                          **Defendants.**
-------------------------------------------------------------------------X
**LEONARD D. STEINMAN, J.**
_____

Part CVA-R
Index No. 900256/2021
Mot. Seq. Nos. 001-002

**DECISION AND ORDER**

     The following papers, in addition to any memoranda of law and/or statement of material facts, were reviewed in preparing this Decision and Order:

Defendant Nussbaum's Notice of Motion, Affirmation & Exhibits.............................1
Plaintiff's Affirmation in Opposition & Exhibits........................................................2
Defendant Nussbaum's Reply & Exhibit.....................................................................3
Northwell Defendant's Notice of Motion, Affirmation & Exhibits.............................4
Plaintiff's Affirmation in Opposition & Exhibits........................................................5
Northwell Defendant's Reply.......................................................................................6
_____

     In this action brought pursuant to New York's Child Victims Act (CVA), plaintiff alleges that from approximately 1982 to 1983 she was abused on a weekly basis (approximately) by her doctor, defendant Michael P. Nussbaum, M.D. at the Cohen's Children's Medical Center (formerly known as Schneider Children's Hospital) when she was 11 years old. Nussbaum was an attending pediatrician at the Medical Center specializing in eating disorders. Nussbaum and defendants Long Island Jewish Medical Center s/h/a Long Island Jewish-Hillside Medical Center a/k/a North Shore University Long Island Jewish

Medical Center a/k/a Long Island Jewish Medical Center; Cohen Children's Medical Center s/h/a Schneider Children's' Hospital a/k/a Steven and Alexandra Cohen Children's Medical Center of New York; and Northwell Health Inc. (collectively "Northwell") move to dismiss the action pursuant to CPLR 3211(a)(7) or, in the alternative, for summary judgment pursuant to CPLR 3212. For the reasons set forth below, the motion is granted in part and denied in part.

In her complaint, plaintiff alleges three causes of action against Northwell: negligence, reckless & willful conduct (First Cause of Action); negligent supervision and retention (Second Cause of Action); and failure to report pursuant to the Social Services Law (Third Cause of Action). Three causes of action are also asserted against Nussbaum; assault (Fourth Cause of Action); battery (Fifth Cause of Action); and intentional infliction of emotional distress (Sixth Cause of Action).[1]

Defendants' principal argument is that plaintiff's claim is not credible because of her extensive psychiatric history and because details of her story do not add up. But this is an argument for the jury and is not a basis to dismiss the action before trial.

## BACKGROUND[2]

Plaintiff visited Nussbaum at the Cohen's Children's Medical Center once a week for approximately a year for an eating disorder. On each visit, plaintiff would be escorted to Nussbaum's office by a nurse and told to change into a hospital gown. The nurse would leave and Nussbaum would then enter. Plaintiff sat on an examining table. Nussbaum would take her pulse on her wrist; inform plaintiff it was weak and that he had to take her pulse at her vagina; and proceed to rub her clitoris and digitally penetrate her. This continued for

---

[1] Plaintiff further alleges as a separate Seventh Cause of Action against all defendants that defendants were negligent and breached duties to plaintiff while she was under a disability—the disability being plaintiff's infancy. Because that action is duplicative of plaintiff's other claims it is hereby dismissed. *See Moskowitz v. Masliansky*, 198 A.D.3d 637 (2d Dept. 2021)(dismissing as duplicative of negligence claim a cause of action alleging negligent failure to provide a safe and secure environment); *Steven B. v. Westchester Day School*, 196 A.D.3d 624 (2d Dept. 2021).
[2] The facts as set forth by the court are consistent with the evidence submitted by plaintiff, including her deposition testimony. In the context of a summary judgment motion, a court is to view the evidence in a light most favorable to the opposing party and give such party the benefit of every favorable inference. *Sheryll v. L&J Hairstylists of Plainview, Ltd.*, 272 A.D.2d 603 (2d Dept. 2000). This court makes no findings of fact.

approximately 15 minutes and then Nussbaum would weigh her to conclude the visit. Nussbaum's abuse ended when plaintiff began treating with Nussbaum in his office rather than an examination room.  She continued to treat with Nussbaum for approximately a couple of months with no abuse.

Nussbaum vehemently disputes plaintiff's account.  Defendants both argue that plaintiff cannot be believed because of her long history of mental illness—she first treated with a psychiatrist at age 5, was diagnosed with mental depression and hospitalized for 2 months at age 17, exhibited manic behavior and delusional thoughts at 21 and diagnosed with bipolar disorder shortly thereafter.  Defendants further point to the improbability of plaintiff's testimony that she saw no other patients when she treated with Nussbaum as well as the fact that she claims to have only recalled the abuse when she was 27 years old.

## **LEGAL ANALYSIS**

It is the movant who has the burden to establish an entitlement to summary judgment as a matter of law.  *Ferrante v. American Lung Assn*., 90 N.Y.2d 623 (1997).  "CPLR §3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material facts on every relevant issue raised by the pleadings, including any affirmative defenses." *Stone v. Continental Ins. Co*., 234 A.D.2d 282, 284 (2d Dept. 1996).  Where the movant fails to meet its initial burden, the motion for summary judgment should be denied.  *US Bank N.A. v. Weinman,* 123 A.D.3d 1108 (2d Dept. 2014).

A defendant's burden cannot be satisfied merely by pointing to gaps in the plaintiff's proof. *In re New York City Asbestos Litigation* (*Carriero*), 174 A.D.3d 461 (1st Dept. 2019); *Vittorio v. U-Haul Co.*, 52 A.D.3d 823 (2d Dept. 2008).

Once a movant has shown a *prima facie* right to summary judgment, the burden shifts to the opposing party to show that a factual dispute exists requiring a trial, and such facts presented by the opposing party must be presented by evidentiary proof in admissible form. *Zuckerman v. New York*, 49 N.Y.2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065 (1979).

3

[* 3]

### A. *Nussbaum Motion*

Plaintiff's Fourth Cause of Action against Nussbaum is based upon his alleged sexual abuse of plaintiff in violation of various Penal Law statutes. But this claim is duplicative of the Fifth Cause of Action alleging battery—both causes of action are based upon the same nonconsensual sexual contact and allege the same damages. As a result, the Fourth Cause of Action is dismissed.[3]

There is no legal basis to dismiss the remaining claims against Nussbaum. Contrary to the defendants' contention, plaintiff's version of events is not incredible as a matter of law, "as it [is] not 'impossible of belief because it [is] manifestly untrue, physically impossible, contrary to experience, or self-contradictory." *Joseph-Felix v. Hersh*, 208 A.D.3d 571, 573 (2d Dept. 2022). "The burden of a court in deciding a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist." *Dyckman v. Barrett*, 187 A.D.2d 553, 554 (2d Dept. 1992). It cannot be determined as a matter of law that plaintiff is not credible as defendants argue. To the extent a medical record from 2018 reflects that plaintiff stated that her claim of abuse was probably her imagination, this alleged admission is simply fodder for her cross-examination at trial.

### B. *Northwell Motion*

Northwell argues that the complaint is insufficient for a variety of reasons, including the failure to plead facts supporting the assertion that Northwell knew or should have known of Nussbaum's propensity to commit sexual abuse. "A party is not permitted to avail himself of an imperfection in the pleading of his adversary to deprive the latter of a trial on an issue of fact." *McIntyre v. State*, 142 A.D.2d 856 (3d Dept. 1988). In all events, the claims of negligent retention and negligent supervision are not statutorily required to be pleaded with specificity. *Davilla v. Orange County*, 215 A.D.3d 632 (2d Dept. 2023). Northwell's motion directed at the facial sufficiency of the complaint, following discovery and the submission of

---

[3] The court is aware that a violation of a section of Article 130 of the Penal Law must be proved for plaintiff's claims to be revived under the CVA, but a separate claim stating this apart from the battery claim and the facts as otherwise alleged is unnecessary.

testimony and exhibits, is denied and the court will examine the merits of plaintiff's claim based on the parties' evidentiary submissions.

Nonetheless, plaintiff's Third Cause of Action alleging violations of New York's Social Services Law must be dismissed as a matter of law. Northwell cannot be held liable pursuant to Social Services Law §§413 and 420 because Nussbaum was not a "person legally responsible" for plaintiff's care. *See Hanson v. Hicksville Union Free School District*, 209 A.D.3d 629 (2d Dept. 2022); s*ee also, Sullivan v. Port Washington Union Free School Dist.*, 213 A.D.3d 966 (2d Dept. 2023). As a result, that claim is dismissed.

Turning to plaintiff's negligence-based claims, plaintiff must allege and prove (1) a duty owed by the defendants to her, (2) a breach thereof, and (3) injury proximately resulting therefrom. *Solomon v. New York*, 66 N.Y.2d 1026, 1027 (1985); *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016); *see also, Turcotte v. Fell,* 68 N.Y.2d 432, 437 (1986); *Mitchell v. Icolari*, 108 AD3d 600 (2d Dept 2013).

> Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee. . . . The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention' of the employee."

*Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept 2018) (internal citations omitted).

### 1. *First Cause of Action (Negligent Supervision of Plaintiff)*

A defendant may be held liable for foreseeable injuries proximately caused by the absence of adequate supervision of a minor in its charge. *Osmanzai v. Sports and Arts in Schools Foundation, Inc.*, 116 A.D.3d 937 (2d Dept. 2014); *see also Doe v. Whitney*, 8 A.D.3d 610, 611 (2d Dept. 2004). Prior knowledge of an individual's propensity to engage in criminal conduct is not required to establish a breach of this duty to supervise and a defendant may be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction. *Blanchard v. Moravia Central School District*, __

5

A.D.3d \_\_, WL 3287003 (4th Dept. 2024); *Basile v. Board of Education of Glen Cove City School District*, 221 A.D.3d 645 (2d Dept. 2023).

Northwell does not dispute that "[a] hospital has a duty to safeguard the welfare of its patients, even from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety." *N.X. v. Cabrini Medical Center*, 97 N.Y.2d 247, 252 (2002).

Plaintiff was only 11 years old at the time of her weekly visits to Nussbaum. Nussbaum testified that the protocol for patients such as plaintiff was for a nurse to have the patient undress and put on a hospital gown, take a patient's blood pressure and weigh the patient. The patient would then be examined by a physician. The patient would then see a nutritionist and a social worker. Northwell did not have any written rules, policies or procedures in place during the relevant time period concerning the examination of adolescents being treated at the Medical Center for eating disorders.

Plaintiff has testified that she treated with no one other than Nussbaum during her visits and that Nussbaum was the one who weighed her. She would also be alone with Nussbaum behind closed doors for an extended period of time notwithstanding that Nussbaum testified to a limited physical exam. Nussbaum testified that it was necessary for patients to remove their underwear so that the patients could not hide weights to make it appear that they were gaining weight. But since the patient's weight was supposed to be taken by a nurse before the doctor's examination, it is unclear why a patient had to remain naked under her gown during the physical examination (which Nussbaum testified involved actions over the gown). This all went on every week for approximately a year.

Whether it was negligent in the early 1980s for a hospital to allow a young, troubled, female patient to be frequently examined behind closed doors by a male pediatrician is a difficult question, perhaps easier to answer in modern times. But the question is best resolved by a jury, hearing the circumstances of the particular case, the practices then followed and the standards of the times. Plaintiff has set forth enough evidence of a breach of the hospital's protocol concerning her overall weekly treatment entitling her to hear a

jury's answer. *See J.B. v. Monroe -Woodbury Central School District*, 224 A.D.3d 722 (2d Dept. 2024).

> ### 2. *Second Cause of Action (Negligent Supervision of Nussbaum)*

"A necessary element of a cause of action alleging negligent retention or negligent supervision is that the 'employer knew or should have known of the employee's propensity for the conduct which caused the injury'." *Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept 2008). A defendant is on notice of an employee's propensity to engage in tortious conduct when it knows or should know of the employee's tendency to engage in such conduct. *Moore Charitable Foundation v. PJT Partners, Inc.*, 40 N.Y.3d 150, 159 (2023) "[T]he notice element is satisfied if a reasonably prudent employer, exercising ordinary care under the circumstances, would have been aware of the employee's propensity to engage in the injury-causing conduct." *Id*. at 159.

Northwell has established, *prima facie*, that it had no notice of a propensity of Nussbaum to sexually abuse his minor patients. Nussbaum never had any allegation lodged against him of such abuse and plaintiff cannot point to any action by Nussbaum that would have otherwise provided constructive notice of a propensity to commit child sex abuse prior to plaintiff's alleged abuse. Plaintiff has failed to raise an issue of fact in this regard and, as a result, the Second Cause of Action is dismissed.

> ### C. *Punitive Damages*

Punitive damages "are prohibited unless the harmful conduct is intentional, malicious, outrageous, or otherwise aggravated beyond mere negligence." *McDougald v. Garber*, 73 N.Y.2d 246, 254 (1989); *see Walker v. Sheldon*, 10 N.Y.2d 401, 404-05 (1961); *Stormes v. United Water N.Y., Inc.*, 84 A.D.3d 1351, 1351 (2d Dep't 2011). Here, plaintiff has not demonstrated sufficient misconduct on the part of Northwell warranting punitive damages and the demand for such damages against it is stricken. Such demand against Nussbaum survives.

Any relief requested not specifically addressed herein is denied.

This constitutes the Decision and Order of this court.

Dated: August 28, 2024
     Mineola, New York       **ENTER:**

_____
**LEONARD D. STEINMAN, J.S.C.**